# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONSTANCE WILLIAMS, | : | Civil No. 4:18-CV-1271 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| ESS SUPPORT SERVICES, LLC., | : | (Magistrate Judge Carlson) |
| Defendant. | : | |

## MEMORANDUM AND ORDER

The background of this order is as follows:

The plaintiff, who is proceeding *pro se*, commenced this employment discrimination action by a complaint on June 25, 2018. (Doc. 1.) The defendant moved to dismiss this complaint, (Doc. 10), and in conjunction with her response to the motion to dismiss, the plaintiff has sought leave to file an amended complaint. (Doc. 14.) We agree that the plaintiff should be entitled to amend her complaint in response to this motion to dismiss since Rule 15(a) of the Federal Rules of Civil Procedure, which governs amendment of pleadings strongly favors amendment of pleadings, and provides that such leave to amend should be liberally granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Accordingly, IT IS ORDERED as follows:

1.  The plaintiff's motion for leave to amend (Doc. 14) is GRANTED. In order to permit the scheduling of the settlement conference contemplated by Paragraph 3 of this order, the plaintiff shall file an amended complaint on or before **December 28, 2018**, if this case is not resolved through early mediation. However, we instruct the plaintiff that this "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains. This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs. It should name proper defendants, specify the

offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants. The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure. The Court also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency. See 28 U.S.C. § 1915(e)(2)(B)(ii).

2. We believe that this development has substantive significance for the parties with respect to the initial motion to dismiss the original complaint filed in this case (Doc. 10) since, as a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies.... Once an

amended pleading is interposed, the original pleading no longer performs any function in the case...."). Since the complaint in this case has been amended, the original complaint is now a nullity, and any motion to dismiss challenging a count contained in that original complaint is now moot. Therefore, we will DISMISS the pending motion to dismiss the plaintiff's original complaint (Doc.10) as moot.

3. We also note that the plaintiff's motion to amend indicates that the parties have engaged in some preliminary settlement discussions, a factor which strongly suggests that this case should be considered for early, mandatory mediation. Accordingly, IT IS ORDERED that this case is referred to--

    Honorable William I. Arbuckle
    United States Magistrate Judge

Who will serve as to settlement judge in this matter and who may schedule settlement conference sessions in this matter as requested by the parties. If the settlement conference has not concluded by **December 28, 2018** the parties shall provide the court with a Joint Status Report regarding the progress of mediation on or before **December 28, 2018**

SO ORDERED, this 25th day of September, 2018.

    */s/ Martin C. Carlson*
    Martin C. Carlson
    United States Magistrate Judge